IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AGF MARINE AVIATION TRANSPORT, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 02-0834-CG-B |
| ) | |
| LaFORCE SHIPYARD, INC., et al. ) | |
| ) | |
|     Defendants. | |

### ORDER

This matter is before the court on the motion of plaintiff, AGF Marine Aviation Transport to amend its complaint (Doc. 381), the motion of intervenor plaintiffs, Hai Van Vo and Khanh Vo, to amend their complaint in intervention (Doc. 382), opposition to both motions by D's Electrical Contracting, Inc. ("D's Electrical"), AGF's reply (Doc. 389), and the Vos' adoption of AGF's reply (Doc. 390). For the reasons stated below, the court finds that the above motions are due to be DENIED.

### BACKGROUND

This case involves a fire aboard the M/V CAPTAIN LEE II ("the vessel"). The cause of the fire is disputed by the parties. The owners of the vessel, intervenors, Hai Van Vo and Khanh Vo, contracted with LaForce Shipyard to build the vessel. Plaintiff, AGF Maritime Transport ("AGF"), is the insurer of the vessel and asserts subrogation rights in the amount paid to repair the vessel. AGF's complaint alleges that the fire was caused by the "negligent manufacture, design, and /or installation of a circuit breaker." (Complaint, ¶ 16). Intervenors, Hai Van Vo and Khanh Vo, seek to recover damages in excess of the amounts paid to them by AGF. In their complaint in intervention, the Vos allege that D's Electrical caused the fire by negligently installing electrical equipment aboard the Vessel. (Complaint in Intervention, ¶ 20). On August

3, 2004, summary judgment was granted in favor of D's Electrical as to all claims asserted against D's Electrical by plaintiff, AGF, and intervening plaintiffs, Hai Van Vo and Khanh Vo. (Doc. 313).  The court based its decision on the finding that neither AGF nor the Vos had offered any expert evidence that the fire was caused by negligent installation or wiring of the electrical panel box or by any other negligence for which D's Electrical could be responsible.   AGF and the Vos now seek to amend their complaints to add a warranty claim against D's Electrical.

## DISCUSSION

The Rule 16(b) scheduling order in this case states that any motion for leave to amend the pleading or to join other parties must be filed on or before May 1, 2003. (Doc. 16).  The 16(b) scheduling order was amended on June 22, 2003, and again on September 25, 2003, but the deadline for amendments to the complaint was not altered. (Docs. 85 & 143). The second amended scheduling order states:

> All other deadlines, limitations, and requirements set forth in this court's Rule 16(b) Scheduling Order, as amended, remain in effect.
> Further requests for amendments **will not be granted** except upon a showing that extraordinary circumstances so require.

(Doc. 143 emphasis in original).

District courts are required to "enter a scheduling order that limits the time  ... to amend the pleadings ..." FED. R. CIV. P. 16(b).  Such orders "control the subsequent course of the action unless modified by a subsequent order," FED. R. CIV. P. 16(e), and may be modified only "upon a showing of good cause." FED. R. CIV. P. 16(b).  Had the parties sought leave to amend their complaints before the scheduling order deadline, the court would look to Rule 15(a) of the Federal Rules of Civil Procedure to determine whether the amendment should be allowed. While leave to amend under Rule 15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a showing of "good cause" under Rule 16(b).  Sosa v.

Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).  "Otherwise, scheduling order deadlines would be 'meaningless' and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure."  Anderson v. Board of School Comm'rs of Mobile County, AL, 78 F.Supp.2d 1266,1269 (S.D. Ala. 1999).  "The good cause standard articulated by Rule 16(b) precludes modification of a scheduling order deadline unless it cannot 'be met despite the diligence of the party seeking the extension.'" Id. (citations omitted).  Plaintiff and intervenor-plaintiffs have the burden of showing that "extraordinary circumstances require it" and that "the parties have diligently pursued discovery." Williams v. Baldwin County Comm'n, 203 F.R.D. 512, 516 (S.D. Ala. 2001); and (Docs. 16 & 143).

AGF and the Vos assert that they did not discover that D's Electrical had extended a warranty to the owners of the vessel until October 28, 2005, when D's Electrical filed its reply and supporting affidavit regarding its motion for summary judgment as to LaForce's Cross Claim. (Doc. 369).  Prior to that time, AFG and the Vos believed that the warranty provided by D's Electrical extended only to LaForce.  A previous affidavit submitted by D's Electrical on March 6, 2003, in opposition to another party's motion to transfer the case to the Southern District of Texas stated the following:

> Until this litigation started D's Electrical Contracting did not know the name of the vessel, the identity of the owners of the vessel, nor where the vessel was going to be homeported.  D's contracted strictly with Laforce Shipyard and did not have any contractual relationship with the owners, who are reportedly from Texas.

(Doc. 21, Aff. Donald J. Moore).  AGF and the Vos contend that the above language mislead them because an express warranty establishes a contractual relationship.  D's Electrical contends that given the context of the issues for which the affidavit was submitted, that the statement essentially meant that D's Electrical did not contract directly with the owners.  There appears to be no dispute that D's Electrical did not know the identity of the owners at the time it

contracted with LaForce. While the above language could be misleading, Mr. Moore was later deposed and provided additional testimony regarding the warranty it provided. On September 16, 2003, Mr. Moore testified as follows:

> Q. All right. Did D's give any kind of warranty?
>
> A. Right. It was a 90-day warranty.
>
> Q. Is that written in any kind of place?
>
> A. Just a shipyard warranty. We give the same warranty as the shipyard.
>
> Q. And is that oral or did you give that --
>
> A. It's just oral.
>
> Q. All right. And what does that entail?
>
> A. The warranty?
>
> Q. Yes.
>
> A. It's any – you know, like the factory has a warranty, you know, I'm sure they'll carry it to whatever warranty theirs is, but we'll fix anything that goes wrong 90 days.
>
> Q. Who make the determination of whether something has gone wrong?
>
> A. Well, ever who has the problem. If they call us, we go out there and we determine if we have a problem and we fix it for them.
>
> \* \* \* \*
>
> Q. The warranty that you – the 90 day warranty that you give, does that run from the time – the delivery to the owner?
>
> A. Right. Ever what the shipyard – when he signs the dotted line, we give the same identical --
>
> Q. Whatever – it runs parallel to the shipyard warranty?
>
> A. Right.

(Doc. 365, Ex. 1, Moore Depo p. 105-106, 143).

The above testimony indicates that D's Electrical granted an oral warranty to run 90 days after delivery to the owner. Moore's testimony at least implies that the warranty extends to the owners. Moore testified that D's Electrical will fix the problem upon being notified by whoever has the problem. Since the warranty extends 90 days after delivery, the owners would be the ones to have a problem. The above testimony should have put AGF and the Vos on notice that D's Electrical provided a warranty that covered the repair of certain defective materials or work provided by D's Electrical if it was discovered within 90 days after delivery to the owners. AGF and the Vos, if they had been diligent, would have questioned Moore further about the parameters of the warranty or conducted additional discovery on the issue. The court finds that AGF and the Vos have not shown good cause why they could not, with diligence, have discovered the warranty claim in 2003 which they now seek to add. Although the trial of this matter has been continued several months, the court will not allow AGF or the Vos to amend their complaints almost three years after the Scheduling Order deadline, and over two years after they should have discovered the claim.

## CONCLUSION

For the reasons stated above, the motion of AGF Marine Aviation Transport to amend its complaint (Doc. 381), and the motion of intervenor plaintiffs, Hai Van Vo and Khanh Vo, to amend their complaint in intervention (Doc. 382), are **DENIED**.

**DONE** and **ORDERED** this 15th day of February, 2006.

　　　　　　　　　　　　　　　　　　　　/s/ Callie V. S. Granade
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE