IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AGF MARINE AVIATION TRANSPORT,  ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.                                                              ) | CIVIL ACTION NO. 02-0834-CG-L |
| ) | |
| laFORCE SHIPYARD, INC., et al.         ) | |
| ) | |
| **Defendants.** | |

## ORDER

This matter is before the court on the renewed motion for summary judgment and brief in support of defendant, LaForce Shipyard, Inc. ("LaForce") (Docs. 361 & 362) and plaintiff's response thereto (Doc. 378). For the reasons stated below, the court finds that summary judgment is due to be denied.

## BACKGROUND

This is LaForce's second motion for summary judgment as to the claims asserted against it by plaintiff and intervenor-plaintiffs (collectively referred to herein as "plaintiffs"). The court denied LaForce's previous motion, finding that a material question of fact prohibited summary judgment. (Doc. 315). Except for the procedural history, the facts in this case have not changed since this court's previous order and the court finds it unnecessary to restate the facts here. The facts as stated in the previous order are hereby incorporated by reference. (Doc. 315).

On August 3, 2004, summary judgment was granted in favor of defendant, D's Electrical Contracting, as to the claims asserted against it by plaintiffs. (Doc. 313). The court found that "[n]either plaintiff nor the Vos have produced expert testimony to establish that the cause and

1

origin of the fire is the result of D's Electrical's negligence."[1] (Doc. 313, p. 7).  D's Electrical was responsible for installation and wiring of the circuit breaker panel and certain components contained therein; but, neither plaintiff, nor the Vos "offered any expert evidence that the fire was caused by negligent installation or wiring of the electrical panel box or by any other negligence for which D's Electrical could be responsible." (Doc. 313, p. 6).  The order granting summary judgment in favor of D's Electrical was appealed and subsequently affirmed by the Eleventh Circuit. (Doc. 343).

## LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations

---

[1] The Vos have since settled their claims against LaForce and are not longer parties to this lawsuit.  See. Docs 424, 425 & 427.

omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

## B. LaForce's Arguments

LaForce asserts that summary judgment is due to be granted in its favor as to plaintiff's negligence claims because (a) there can be no recovery in a negligence action where the only damage alleged is consequential economic loss, (b) they are barred by res judicata and collateral estoppel, (c) plaintiffs waived the negligence claims, and (d) because there is insufficient evidence of causation. LaForce also contends that plaintiff's claims for breach of the duty of workmanlike performance fails because such claims are not recognized by Alabama law, and that plaintiffs have failed to support a claim under the express warranty contained in the contract. The court will address each contention in turn below.

### 1. Negligence Claims

#### a. Economic Loss Doctrine

LaForce contends that there can be no recovery in a negligence action where the only damage alleged is consequential economic loss. The "economic loss doctrine" set out in Lloyd Wood Coal Co. v. Clark Equipment Co., 543 So.2d 671 (Ala.1989), bars a plaintiff's negligence claims "when a product damages itself, causing economic loss, but does not cause personal injury or damage to any property other than itself." Vesta Fire Ins. Corp. v. Milam & Co. Const., Inc., 901 So.2d 84, 106-107 (Ala.. 2004) (citing East River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 871-75, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986)). "That doctrine states that a plaintiff's AEMLD claim that a product is defective is limited to a contractual recovery when the evidence shows that the defect caused injury to only the product and to no other property." Id. at 107. However, plaintiff does not allege an AEMLD claim and it has not been determined that the damage was caused by a "product" within the ambit of the AEMLD. See Id. at 102, 107. ("We will not presume to so define the boundaries of the judicially created AEMLD so that it subsumes the common-law tort actions of negligence and wantonness against the retailer

4

defendants.") (quoting Tillman v. R.J. Reynolds Tobacco Co., 871 So.2d 28, 34-35 (Ala.2003)).

### b. Res Judicata / Collateral Estoppel

LaForce contends that plaintiff cannot maintain an action for negligence because such claims are barred by res judicata and collateral estoppel. LaForce argues that this court's memorandum opinion granting summary judgment in favor of D's Electrical precludes recovery against LaForce. The previous order found that neither plaintiff nor the Vos had offered any expert evidence that the fire was caused by negligent installation or wiring of the electrical panel box or by any other negligence for which D's Electrical could be responsible. This finding not only has collateral estoppel implications, but constitutes "the-law-of-the-case." "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1331 (11th Cir.2005). "[W]hile the doctrine encompasses only those issues previously determined, the law is clear that it comprehends things *decided by necessary implication* as well as those decided explicitly." Id. (emphasis in original). However, the issues involved in the grant of summary judgment in favor of D's Electrical were different than those to be decided on this motion. Neither collateral estoppel nor the law-of-the-case calls for summary judgment to be granted in LaForce's favor. See Martinez v. Brink's, Inc., 2006 WL 551239, *2 (11th Cir. Mar. 8, 2006) ("We reject this argument because the law of the case doctrine does not apply to issues that were not actually decided, either explicitly or implicitly.") (citing Luckey v. Miller, 929 F.2d 618, 621 (11th Cir.1991)).

This court previously found, and the Eleventh Circuit affirmed, that "[n]either plaintiff nor the Vos have produced expert testimony to establish that the cause and origin of the fire is the result of D's Electrical's negligence." (Doc. 313, p. 7). D's Electrical was responsible for installation and wiring of the circuit breaker panel and certain components contained therein; but, neither plaintiff, nor the Vos, "offered any expert evidence that the fire was caused by

5

negligent installation or wiring of the electrical panel box or by any other negligence for which D's Electrical could be responsible." The fact that there is insufficient evidence demonstrating that D's Electrical was responsible does not necessarily mean that the evidence is insufficient regarding LaForce's responsibility. LaForce contracted to build the vessel, rather than just the electrical system, and was naturally responsible for much more than D's Electrical. As this court stated in its previous order denying summary judgment to LaForce, "while there is little evidence concerning the specific cause of the defect (e.g. whether LaForce caused it itself or whether it was due to a subcontractor's negligent installation or a manufacturer's faulty design), the contract makes LaForce responsible not only for its own work, but also for that of its subcontractors and for materials supplied by LaForce." (Doc. 315, p. 10). And, as stated in this court's order denying LaForce's motion to reconsider, "it is not necessary that AGF . . . prove the exact proximate cause of the fire, because the contract holds LaForce responsible for the fire, at least to the extent of repairing the vessel, regardless of whether it was proximately caused by its own work, its subcontractor's work, or a defect in the materials that it supplied." (Doc. 318, p. 5). Thus, the court does not find that collateral estoppel or the law-of-the-case applies to preclude recovery by plaintiff against LaForce.

### c. Waiver

LaForce contends that pursuant to the vessel construction contract, plaintiff waived any claims for negligence against LaForce. However, the contract does not disclaim all liability for negligence, but merely liability "for contingent, consequential or incidental damages, such as, but not limited to any claim for 'down time;' loss of earnings, damage to cargo, claims by those other than Owner for personal injuries, death, breach of contract, etc. . . ." (Contract ¶14(b)). The contract expressly provides liability "for the making good of the defect in the parts of the vessel manufactured, designed, fabricated or installed by it, or paying the cost of the same ..." Id. The contract states that "Builder shall be responsible for the cost of correcting any such Construction Deficiency only to the extent that the same resulted from defective workmanship or material and

not, for instance, from ordinary wear and tear, or the negligence or improper act of Owner of any other person other than the Builder or its subcontractors." (Contract, ¶ 14(a)). The contract further states that "Builder will, however, be responsible for proper installation of said equipment purchased by Builder and installed in the vessel under supervision and direction of manufacturer's representative." (Contract, ¶ 14(c)). Thus, plaintiff has not waived its negligence claims. Moreover, as this court stated previously, "to the extent the contract disclaims liability for LaForce's own active negligence, that disclaimer is void." (Doc. 315, p.10), see also, Alabama Great Southern Railroad Co. v. Sumter Plywood Corp., 359 So.2d 1140, 1145 (Ala. 1978) ([T]he provisions of a contract which would exempt one of the parties from the consequences of its own negligence is void as against public policy for the reasons that such a provision would foster negligence in the performance of a contract and not deter it.").

### d. Evidence of Causation

Under Alabama law, there are four elements to establish a case of negligence: "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury." Edmonson v. Cooper Cameron Corp., 374 F.Supp.2d 1103, 1106 (M.D.Ala. 2005) (citation omitted). LaForce asserts that there is insufficient evidence that LaForce's breach caused the damage. This court previously found the expert evidence submitted by plaintiff to be "so vague, preliminary, or incomplete that they could not possibly provide evidence that causally links D's Electrical's installation to the fire that occurred aboard the vessel." (Doc. 313, p.7). The court, however, found that LaForce's liability was broader than that of D's Electrical because, under the contract, LaForce was responsible "not only for its own work, but also for that of its subcontractors and for materials supplied by LaForce." (Doc. 318, p. 5; Doc. 315, p. 10 ). In other words, LaForce's duty to plaintiffs was broader. The contract expressly states that LaForce was responsible for "any defect in any Builder furnished workmanship or material," "for the making good of the defect in the parts of the vessel manufactured, designed, fabricated or installed by it," and "for proper installation of equipment purchased by Builder and installed in the vessel." (Contract ¶¶ 14(a) -

(c)). The court further stated that "the very fact that the fire occurred in a new vessel is evidence inferring the existence of a defect, without attributing cause." (Doc. 318, p. 3). Plaintiff's expert testimony is too vague or incomplete to provide evidence of the exact cause of the fire, but plaintiff's experts agree that the fire originated in the wheel house where the circuit breaker panel was located. That conclusion is further supported by the testimony of the crew aboard the ship.

Defendant's experts support several other factual theories regarding the origin of the fire. Mr. John M. Mertens opined after inspecting the vessel, that the fire was caused by the failure of a hydraulic hose in the hydraulic steering system in the wheelhouse. (Doc. 205, Ex. 1). Mr. Arvel F. Shreves reported that the evidence indicated that it was not an electrical fire. (Doc. 205, Ex. 2). Mr. Raymond Arthur Diersing is also of the opinion that the fire did not originate in the electrical panels. (Doc. 205, Ex. 3). McDowell Owens Engineering, Inc. reported that there was no evidence that the fire resulted "from the action, services or products of LaForce Shipyard, Inc," and that the evidence indicated that the damage within the breaker panel resulted from an approaching fire, rather than originating within the breaker panel. McDowell Owens Engineering also opined that the fire, "more likely than not, originated as the result of the actions of the crew aboard the vessel," but the report does not explain how the crew likely started the fire and the conclusion appears to be based on the lack of other indicators of the cause of the fire. (Doc. 205, Ex. 4). Gene Bullington found that there was a failure in one of the hydraulic hoses in the steering system that occurred prior to the fire and that the burner on the range was on at the time of the fire, but could not conclude what caused the fire, except to report that the fire did not appear to have originated in the electrical panels. (Doc. 205, Ex. 5).

It would appear that the opinion of at least one of defendant's own experts supports a conclusion that the fire was caused by a defect in equipment installed on the vessel - the hydraulic steering system. The court notes that the complaint specifically alleges that "upon information and belief, the cause of the damage was the negligent manufacture, design and/or

installation <u>of a circuit breaker</u> on the M/V CAPT. LEE II." (Complaint, ¶ 16, emphasis added). LaForce appears to assert that because plaintiff failed to produce sufficient evidence to show that a defect in the electrical panels caused the fire, evidence submitted by defendant that some other defect caused the fire negates plaintiff's negligence claims. The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Notice pleading does not require that the pleader allege a specific fact to cover each element of a claim, so long as the complaint contains "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Roe v. Aware Woman Center for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir.2001) (quotations omitted). Plaintiff chose to specifically allege that the cause was the circuit breaker and have failed to amend the allegations. However, plaintiff qualified the allegation by stating that it was based "upon information and belief" at the time of the complaint. Under these circumstances, the court finds it would be inequitable to allow LaForce to defend against plaintiff's claims by submitting evidence of a defect for which LaForce may be liable.

### 2. Breach of Workmanlike Performance

LaForce contends that plaintiff's claims for breach of the duty of workmanlike performance fails because such claims are not recognized by Alabama law. However, LaForce offers no case law to substantiate its contention. Alabama courts have consistently recognized the duty of workmanlike performance in construction contracts. <u>See</u> <u>McCarthy v. Style Homes, Inc.</u>, 669 So.2d 974 (Ala. Civ. App. 1995) (reversing summary judgment in favor of homebuilder on breach of warranty of workmanlike performance claim); <u>Lowe v. Morrison</u>, 412 So.2d 1212 (Ala. 1982) (affirming verdict entered in owners' action against builder for breach of construction contract and for breach of implied warranty of workmanlike performance in building the house); <u>Gann & Lewis Roofing Co., Inc. v. Sokol</u>, 359 So.2d 815 (Ala.Civ.App.,1978) (finding breach of warranty of workmanlike performance was supported by

evidence). While the doctrine of workmanlike performance has limited application, the case law does not indicate that the doctrine would not apply in this case. The doctrine is commonly described as follows:

> Implied in every contract by building contractors is the obligation to perform in a fit and workmanlike manner. This contract duty is breached when the builder fails to exercise a reasonable degree of care, skill, and ability under similar conditions and like surrounding circumstances as is ordinarily employed by others in the same profession.

Young v. Oak Leaf Builders, Inc., 626 S.E.2d 240, 242 (Ga. App. 2006)[2]; see also Allstate Enterprises, Inc. v. Brown, 907 So.2d 904, 912 (La.App. 2 Cir. 2005) ("Implicit in every building contract is the requirement that the work shall be performed in a good, workmanlike manner, free from defects in material and workmanship."); Alpine Climate Control, Inc. v. DJ's, Inc., 78 P.3d 685, 689 (Wyo. 2003) ("Building and construction contracts contain a warranty either express or implied that the work will be sufficient for a certain purpose and will be performed in a skillful, careful, diligent, and workmanlike manner."). Although the above-cited cases involve the construction of new homes, the case law does not suggest that the implied duty of workmanlike performance would not extend to the construction of new vessels, and defendant has offered none.

### 3. Express Warranty

Plaintiff's ability to assert a breach of express warranty claim depends on whether LaForce failed to comply with the warranty as written. As discussed above, the contract expressly states that LaForce was responsible for "any defect in any Builder furnished workmanship or material," "for the making good of the defect in the parts of the vessel manufactured, designed, fabricated or installed by it," and "for proper installation of equipment purchased by Builder and installed in the vessel." (Contract ¶¶ 14(a) -(c)). LaForce contends that there is no evidence of any defect in the parts of the vessel manufactured, designed,

---

[2] The court acknowledges that the case cited involves Georgia, rather than Alabama, law; however, the general standards for application of the implied warranty of workmanlike performance appear to be the same under the laws of both states.

fabricated or installed by LaForce.  The court disagrees.  As discussed above, "the very fact that the fire occurred in a new vessel is evidence inferring the existence of a defect, without attributing cause."  Defendants' expert reports, discussed above, also indicate that there was a defect in the hydraulic steering system.  Unlike, plaintiffs' negligence claim, there is no requirement that plaintiffs produce evidence that LaForce was responsible for somehow causing the defect.  There must simply be evidence of a defect in a builder-furnished part which was installed in the vessel.

## CONCLUSION

For the reasons set forth above, the motion of defendant, LaForce Shipyard, Inc., for summary judgment (Doc. 361) is **DENIED**.

**DONE** and **ORDERED** this 18th day of August, 2006.

  /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE